

# NUMBER 13-19-00261-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN THE MATTER OF S.T., A JUVENILE

**On appeal from the County Court
of Victoria County, Texas.**

## MEMORANDUM OPINION

**Before Justices Benavides, Hinojosa, and Tijerina
Memorandum Opinion by Justice Tijerina**

S.T.[1] pleaded guilty to unlawful possession of a controlled substance in an amount between four and four hundred grams, a second-degree felony, and the trial court placed him on community supervision pursuant to a plea agreement. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.116(d). The State filed a motion to revoke, and S.T. pleaded true to the State's allegations. The trial court adjudicated S.T. guilty and sentenced him to

---

[1] To protect the identity of children, we refer to them by aliases. *See* TEX. R. APP. P. 9.8(b).

incarceration at the Texas Juvenile Justice Department. S.T.'s court-appointed counsel has filed an *Anders* brief stating there are no arguable grounds for appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967). We affirm.

## I. *ANDERS* BRIEF

Pursuant to *Anders*, S.T.'s court-appointed appellate counsel has filed a brief stating that his review of the record yielded no grounds of error upon which an appeal can be predicated. *See id*. Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978) and *Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014), S.T.'s counsel carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment. Counsel has informed this Court, in writing, that counsel has: (1) notified S.T. that counsel has filed an *Anders* brief; (2) provided S.T. with a copy of the *Anders* brief; (3) informed S.T. of his rights to review the record to file a pro se response and to seek discretionary review if this Court finds that the appeal is frivolous; and (4) provided S.T. with a form motion for pro se access to the appellate record with instructions to file the motion in this Court. *See Anders*, 386 U.S. at 744; *Kelly*, 436

S.W.3d at 319; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23.  An adequate amount of time has passed, and S.T. has not filed a pro se response.

## II.    INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous.  *Penson v. Ohio*, 488 U.S. 75, 80 (1988).  We may determine the appeal is wholly frivolous and issue an opinion after reviewing the record and finding no reversible error.  *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).  Alternatively, if we determine that arguable grounds for appeal exist, we must remand for the appointment of new counsel to brief those issues. *Id*. at 827.

We have conducted an independent review of the record, including appellate counsel's brief, and find no reversible error.  *See Anders*, 386 U.S. at 744; *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); *Bledsoe*, 178 S.W.3d at 826–27.  We agree with counsel that the record presents no arguably meritorious grounds for review, and the appeal is frivolous.  *See Garner*, 300 S.W.3d at 766; *Bledsoe*, 178 S.W.3d at 827. We affirm the judgment of the trial court.

JAIME TIJERINA,
Justice

Delivered and filed the
19th day of December, 2019.

3